FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 06, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIO MARTINEZ, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>PENN MILLERS INSURANCE COMPANY, a foreign insurance company,<br><br>    Defendant. | No. 4:25-CV-05145-SAB<br><br>**ORDER DENYING MOTION TO DISMISS** |

    Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim, ECF No. 5. Plaintiff is represented by Kevin Page. Defendant is represented by James P. Mullins, Jonathan Toren, and Robert D. Lee. The motion was considered without oral argument.

### Factual Allegations/Background

    Plaintiff was involved in a car crash on April 28, 2023. The individual at fault for the accident was underinsured and his insurance carrier tendered to Plaintiff the full value of the individual's available policy limits, which Plaintiff asserts were less than the full value of his damages.

    Plaintiff states he had coverage through a policy from Defendant for underinsured motorist (UIM) coverage that was up to date on payments. Plaintiff demanded the full value of the policy, which Defendant rejected and failed to provide information regarding the full valuation of the claim.

**ORDER DENYING MOTION TO DISMISS** * 1

Plaintiff then submitted an Insurance Fair Conduct Act (IFCA) notice to Washington's Office of the Insurance Commissioner. When Defendant failed to respond to that notice, Plaintiff filed a lawsuit against Defendant in Washington State Court and Defendant removed the matter to this Court. In his complaint, Plaintiff makes claims for breach of contract, bad faith claims handling, Consumer Protection Act (CPA) violations, and IFCA violations.

Defendant requests the Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Plaintiff fails to plead any cause of action with factual sufficiency.

## Standard

Fed. R. Civ. P. 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary – the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). When considering a 12(b)(6) motion, the truth of the plaintiff's allegations must be assumed, and the Court must draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

A court may only dismiss the case or a claim "where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## Plaintiff's Claims for Damages

1. **Breach of Contract**

Plaintiff asserts he fully performed his duties and obligations under the contract of insurance for UIM benefits and Defendant owed him benefits for

**ORDER DENYING MOTION TO DISMISS** * 2

damages he suffered from the April 2023 accident. Plaintiff asserts Defendant rejected his demand for the full policy limits as the "reasonable and recoverable measure of damages he suffered in the collision." Defendant allegedly offered to settle the underinsured motorist claim for an amount less than Plaintiff's full measure of damages, which Plaintiff asserts is the basis for the breach of contract.

### 2. Bad Faith Claims Handling

Plaintiff asserts Defendant owed a duty to conduct itself in good faith with respect to its insuring obligations to him. Plaintiff argues Defendant's denial of full payment of damages related to the April 2023 collision is a breach of duty to deal with Plaintiff in good faith, as it was unreasonable, unfounded, and made without reasonable justification. He argues Defendant breached its duty by (1) failing to disclose to Plaintiff the full and top valuation of his claim, (2) failing to allow Plaintiff the opportunity to resolve his claim, (3) delaying resolution of the claim, compelling Plaintiff to pursue litigation to recover, and (4) failing to put the financial interests of Plaintiff above its own interests. He concludes that these breaches amount to a failure to deal in good faith with an insured.

### 3. Consumer Protection Act Violations

Plaintiff asserts Defendant has violated the Consumer Protection Act (CPA), Wash. Rev. Code § 19.86 et seq., in its violation of the insurance agreement, and further violated Wash. Rev. Code § 48.30.010, Wash. Admin. Code § 284-30-330(6) (not attempting in good faith to effectuate prompt, fair, and equitable settlement of the claim), Wash. Admin. Code § 284-30-330(7) (compelling Plaintiff to initiate and submit to this litigation to recover an amount substantially greater than Defendant's current offer), and other portions of the Washington Administrative code or Washington statutes as may be shown at trial. Plaintiff bases these violations and his right to recovery on the fact that payment of full benefits under the insurance agreement was denied to him.

//

**ORDER DENYING MOTION TO DISMISS** * 3

**4. Insurance Fair Conduct Act Violations**

Plaintiff asserts Defendant's denial of his demand for full payment of first-party benefits constitutes an unreasonable denial of payment and is in violation of IFCA, entitling Plaintiff to statutory relief, pursuant to Wash. Rev. Code § 48.30 et seq. Plaintiff further argues Defendant has violated the Washington Administrative Code requirements for fair trade practices of insurers.

## Analysis

The factual allegations included within Plaintiff's complaint are sufficient to put Defendant on notice of the claims Plaintiff is making and the general factual circumstances upon which those claims rest. As such, Defendant's Motion to Dismiss is **denied**.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss for Failure to State a Claim, ECF No. 5, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 6th day of January 2026.



Stan Bastian
Chief United States District Judge

**ORDER DENYING MOTION TO DISMISS** * 4